UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DAVALOS,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>HSBC BANK, N.A., et al.,  )<br>  )<br>    Defendants.  )<br>  ) | Civil Action No. 21-10005-DJC |

**ORDER**

**CASPER, J.**                                                                                                              **January 5, 2021**

On January 4, 2021, Ervin Middleton, Jr. ("Middleton"), of Las Vegas, Nevada, initiated this action on behalf of Robert Davalos ("Davalos") by filing a complaint against HSBC Bank N.A., New Rez, PHH Mortgage Services and Korde and Associates, P.C. D. 1. The complaint alleges that Davalos received a notice of defendants' intent to foreclose on a mortgage encumbering the property he purchased in 2006. *Id.* at 3.

With the complaint, Middleton filed a document seeking waiver of the filing fee and for permission to file electronically. D. 2. On January 5, 2021, Middleton filed several documents including a document asking this Court to enjoin the foreclosure of Davalos' property in Centerville, Massachusetts, including a public auction scheduled for January 5, 2021. D. 6.

Here, Middleton signed the pleadings on behalf of Davalos. Middleton identifies himself on the civil cover sheet as "counsel" for Davalos. D. 1-1. Middleton also refers to himself as Davalos' "Authorized Representative." D. 6 at 4. Rule 11(a) of the Federal Rules of Civil Procedure provides that every pleading must be signed by the attorney of record or by a party personally if the party is unrepresented. *Id.* To the extent Middleton intends to proceed on behalf of Davalos,

Middleton is not alleged to be an attorney and cannot represent Davalos.  *See* 28 U.S.C. § 1654; *Herrera–Venegas v. Sanchez–Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).  "Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this provision does not allow unlicensed lay people to represent other *pro se* litigants." *Cohen v. Attorney Gen. of Massachusetts*, No. CA 11-11500-NMG, 2011 WL 5008088, at *7 (D. Mass. Oct. 18, 2011) (citing *Feliciano v. DuBois*, 846 F. Supp. 1033, 1039 (D. Mass. 1994); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).

As to the request to proceed *in forma pauperis*, neither pleading or *in forma pauperis request,* D. 1, 2, contain Davalos' signature but are signed on his behalf by Middleton.  Litigants seeking to proceed *in forma pauperis* must submit an affidavit that includes a statement of all plaintiff's assets.  *See* 28 U.S.C. § 1915(a)(1).  This "affidavit" requirement is satisfied as long as it contains the phrase "under penalty of perjury" and states that the document is true.  *See* 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (discussing function of affidavit requirement).

Accordingly, if Davalos wishes to proceed with this action, by January 26, 2021, he must file pleadings with his original signature including a motion for leave to proceed *in forma pauperis* signed under the penalty of perjury.  Failure to comply with these directives likely will result in dismissal of this action.

**So Ordered.**

    /s Denise J. Casper
Denise J. Casper
United States District Judge