UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT DAVALOS,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **HSBC BANK, N.A., et al.,** ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 21-10005-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   **March 10, 2021**

For the reasons stated below, this action is dismissed without prejudice.

**I.      Relevant Background**

On January 4, 2021, Ervin Middleton, Jr. ("Middleton"), of Las Vegas, Nevada, initiated this action on behalf of Robert Davalos ("Davalos") by filing a complaint against HSBC Bank N.A., New Rez, PHH Mortgage Services and Korde and Associates, P.C.  D. 1.

By Order dated January 5, 2021 ("the Order"), Davalos was advised that if he wishes to proceed with this action *in forma pauperis*, he must file pleadings with his original signature including a motion for leave to proceed *in forma pauperis* signed under the penalty of perjury.  D. 9.  The Order explained that because Middleton is not alleged to be an attorney, Davalos must sign the pleadings, including a motion for leave to proceed *in forma pauperis* signed under the penalty of perjury.  Id.  The Order stated that failure to comply with these directives likely will result in dismissal of this action.  Id.

On January 25, 2021, Davalos filed a pleading titled "Error of Coram Nobis" which was entered on the docket as an "Affidavit of Truth and Facts."  D. 10.  In this filing, Davalos

challenges the Order. Id. Among other things, Davalos contends that the Order is void because "it did not have a seal," id. at ¶ 10, and that he provided "considerable proof that he is NOT required to pay a filing fee, AND that no government agency can DEMAND payment in anything other than gold or silver." Id. at ¶ 9. Davalos states that he did not file a request to proceed *in forma pauperis* and clarifies that he filed an "affidavit" seeking fee waiver and electronic filing. Id.

**II.     Discussion**

It is a long-established principle that the Court has the authority to dismiss an action *sua sponte* for a litigant's failure to prosecute his action and his failure to follow the court's orders. Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted," and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629 30 (1962) (affirming district court's *sua sponte* dismissal of case); see Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002) (noting that "[a]lthough dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, ... disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)") (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Dismissal of this action is appropriate for Davalos' failure to comply with the Order and his indication in his recent filing that he will not do so in the future given his position that he is not required to pay a filing fee, and if so required, payment must be sought in gold or silver. D. 10 at ¶ 9. Although Davalos states that he is a senior citizen, he does not provide any information about his financial circumstances.

Moreover, Davalos argues that the Order is void because it does not bear the seal of the court as required by 28 U.S.C. § 1691. "Section 1691, however, applies only to writs and process that issue from the district court, not orders and judgments." United States v. Dawes, No. 04–3454, 161 F. App'x 742, 745 (10th Cir. 2005). Thus, the statute and caselaw referenced by Davalos do not apply to the Order.

III. **Order**

Accordingly, this action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**So Ordered.**

       /s Denise J. Casper
       Denise J. Casper
       United States District Judge